IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**VERONICA AGUAYO, CHRISTINE FINES**　　　　　　　**PLAINTIFFS**
**and SUMMER SCHOONMAKER**

vs.　　　　　　　　　　　　Case No. 5:19-cv-1056

**ABIEL OLIVERA**　　　　　　　　　　　　　　　　**DEFENDANT**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Veronica Aguayo, Christine Fines and Summer Schoonmaker (collectively "Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint against Defendant Abiel Olivera, they do hereby state and allege as follows:

### I. INTRODUCTION

1.　Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs minimum wage and overtime compensation for all hours that Plaintiffs worked in excess of forty (40) per workweek.

2.　Plaintiffs also bring this action under Tex. Labor Code § 61.014 for declaratory judgment, monetary damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs their final paychecks after terminating their employments.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiffs' claim under the Tex. Labor Code § 61.014 form part of the same case or controversy and arise out of the same facts as the FLSA claims.

4. This Court has supplemental jurisdiction over Plaintiffs' Texas Labor Code claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant is domiciled and conducts business within the State of Texas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(1), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "reside" in Texas.

7. Plaintiffs were employed at Defendant's facility located in the Western District of Texas. Therefore, the acts alleged in this Complaint had their principal effect within the Western District, and venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Aguayo is a citizen of the United States and a resident of and domiciled in the State of Texas.

10. Plaintiff Aguayo was hired by Defendant to work as an office manager at Defendant's San Antonio location from May of 2019 until July of 2019.

11. Plaintiff Fines is a citizen of the United States and a resident of and domiciled in the State of Texas.

12. Plaintiff Fines was hired by Defendant to work as an office assistant at Defendant's San Antonio location from June of 2019 until July of 2019.

13. Plaintiff Schoonmaker is a citizen of the United States and a resident of and domiciled in the State of Texas.

14. Plaintiff Schoonmaker was hired by Defendant to work as an office assistant at Defendant's San Antonio location from July of 2019 until August of 2019.

15. At all relevant times, Defendant classified Plaintiffs as non-exempt from the minimum wage and overtime requirements of the FLSA and paid Plaintiffs hourly.

16. At all times material hereto, Plaintiffs were entitled to the rights, protection and benefits provided under the FLSA, U.S.C. § 201, *et seq*.

17. Defendant is an individual who resides in the State of Texas.

18. Defendant operates an enterprise called Texas Water Resources, which, upon information and belief, has not been registered as a business with the Texas Secretary of State.

19. Defendant owns and operates a water filtration sales and installation business under the name Texas Water Resources.

20. Upon information and belief, Defendant is an owner or former owner of Texas Water Filtration, Inc., which is a domestic, for-profit corporation.

21. Defendant has, at all times relevant hereto, controlled the day-to-day operations of both Texas Water Resources and, prior to that, Texas Water Filtration, Inc., such that he is liable to Plaintiffs as an employer under the FLSA.

22. Defendant established and maintained the policies at issue in this case.

23. Upon information and belief, Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

24. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

25. Defendant was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

## IV.  FACTUAL ALLEGATIONS

28. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

29. Plaintiff Aguayo worked for Defendant as an office manager, and was responsible for hiring and training new employees, scheduling installations, and speaking with customers.

30. Plaintiffs Schoonmaker and Fines worked for Defendant as office assistants, and were responsible for facilitating applicant interviews, making phone calls to recruit sales people, emailing clients, and posting on social media.

31. Defendant classified Plaintiffs as nonexempt under the FLSA.

32. Plaintiff Aguayo was scheduled for and paid for 40 hours each week.

33. Plaintiff Aguayo worked up to five (5) hours of overtime per week in terms of after-hour paperwork and additional duties she fulfilled from home.

34. Defendant did not pay Plaintiff Aguayo overtime compensation of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) hours per week.

35. Plaintiff Schoonmaker was scheduled for and worked approximately thirty (30) hours per week.

36. Plaintiff Fines was scheduled for and worked approximately twenty (20) hours per week.

37. Plaintiffs' employments were terminated by Defendant.

38. Defendant failed to pay Plaintiffs for the last two or three weeks of work.

39. Defendant did not pay Plaintiffs an appropriate minimum wage under the FLSA, 29 USC § 206, for the last two or three weeks of their employment.

40. Defendant knew, or showed reckless disregard for whether, the way he failed to pay Plaintiffs violated the FLSA.

## IV.    FIRST CAUSE OF ACTION
**(Claim for Overtime Compensation Violation of the FLSA)**

41. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44. At all relevant times, Defendant has been, and continues to be, an

enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45.　29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

46.　Despite the entitlement of Plaintiff Aguayo to overtime payments under the FLSA, Defendant failed to pay her overtime compensation of one and one-half (1.5) times her regular rate for all hours worked over forty (40) in each one-week period.

47.　Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

48.　By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff Aguayo for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

49.　Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff Aguayo as provided by the FLSA, Plaintiff Aguayo is entitled to an award of prejudgment interest at the applicable legal rate.

### VI.　SECOND CAUSE OF ACTION
(Claims for Minimum Wage Violation of the FLSA)

50.　Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

51.　Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

53. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

55. Despite the entitlement of Plaintiffs to minimum wage under the FLSA, Defendant failed to pay Plaintiffs minimum wage for the final two to three weeks of employment.

56. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

58. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   THIRD CAUSE OF ACTION
(Claim for Violations of the Texas Labor Code)

59. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as

Page 7 of 9
Veronica Aguayo et al. v. Abiel Olvera
U.S.D.C. (W.D. Tex.) Case No. 5:19-cv-1056
Original Complaint

though fully incorporated in this section.

60. Plaintiffs assert this claim for damages and declaratory relief pursuant to the Texas Labor Code.

61. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the Texas Labor Code, § 61.001.

62. Tex. Labor Code § 61.014 requires employers to pay terminated employees in full within six days after the date of discharge and requires employees to pay an employee who leaves voluntarily within the date of the next scheduled payday.

63. Defendant failed to pay Plaintiffs for the final pay period they worked.

64. To date, Defendant has not paid Plaintiffs their final paycheck, and the time period specified in Tex. Labor Code § 61.014 has expired.

65. Tex. Labor Code § 62.051 requires employers to pay each employee the federal minimum wage under the FLSA.

66. Despite the entitlement of Plaintiffs to minimum wage under the FLSA through the Texas Labor Code, Defendants failed to pay Plaintiffs minimum wage for the final two to three weeks of employment.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Veronica Aguayo, Christine Fines and Summer Schoonmaker respectfully pray as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

C.  A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

D.  A declaratory judgment that Defendant's practices alleged herein violate the Texas Labor Code and the related regulations;

E.  Judgment for damages for all unpaid wage compensation owed to Plaintiffs under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

F.  Judgment for damages for all unpaid wage compensation under the Texas Labor Code and the related regulations;

G.  Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

H.  For a reasonable attorney's fee, costs, and pre-judgment interest; and

I.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**VERONICA AGUAYO, CHRISTINE FINES and SUMMER SCHOONMAKER, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com